FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 MAY 28 PM 3: 38
CLERK M. akin
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL DERRICK GOINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 319-031 |
| | ) | (Formerly CR 314-002) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] (Doc. no. 5.) The arguments concerning equitable tolling and waiver do not change the analysis because, as the Magistrate Judge explained, Petitioner's motion filed pursuant to 28 U.S.C. § 2255 is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration. (See doc. no. 2.) Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its

---

[1] The docket reflects a "resubmission" of Petitioner's original § 2255 motion after entry of the R&R. (Doc. no. 4.) However, it is clear from the May 6, 2019 signature on the resubmission, (id. at 13), Petitioner had not received the May 3, 2019 Report and Recommendation at the time he "resubmitted" his original motion. As the resubmission does not raise any different grounds for relief from the original motion, the Court does not consider the resubmission as an additional objection to those filed by the Clerk of Court on May 20, 2019, (doc. no. 5).

opinion, and **DISMISSES** the § 2255 motion on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 28th day of May, 2019, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[2] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.